JUDGMENT

===========================================================================

```
cc: USA
    USM
    PTS
    USPO
```

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NO. 03-10015
CT/AG#: CR-01-00314-SOM-09

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

RATSMY POUNPANYA, aka Jay

    Defendant - Appellant

---

    APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

    THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

    ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered May 13, 2004.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 7 2004

at 11 o'clock and 50 min A M
WALTER A.Y.H. CHINN, CLERK

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUN 0 4 2004

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

FILED

MAY 13 2004

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RATSMY POUNPANYA, aka Jay,<br><br>Defendant - Appellant. | No. 03-10015<br><br>D.C. No. CR-01-00314-SOM-09<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted May 4, 2004[**]
Honolulu, Hawaii

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

Ratsmy Pounpanya appeals his conviction for possession with intent to

distribute methamphetamine under 21 U.S.C. § 841(a)(1), contending that the

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court denied him a fair trial by improperly commenting on a witness's testimony when it explained its ruling sustaining the government's objection to cross examination by defense counsel. We affirm.

The district court correctly sustained the government's objection to Pounpanya's cross examination of DEA Agent Lawson, because Pounpanya's question to the agent did not accurately characterize the testimony of Hong Tran regarding the amounts of methamphetamine Tran had historically purchased for personal use. *See generally United States v. Hanna*, 293 F.3d 1080, 1085 (9th Cir. 2002) (noting that evidentiary rulings will not be reversed absent abuse of discretion.) When defense counsel asked the court to provide the basis for its ruling, the court reasonably and accurately explained why defense counsel's question was improper. The comments by the court to defense counsel "were neither calculated to disparage [the defendant] in the eyes of the jury, nor likely to affect the outcome of the trial." *United States v. Eldred*, 588 F.2d 746, 749 (9th Cir.1978) (citation omitted); *accord United States v. Sanchez-Lopez*, 879 F.2d 541, 553 (9th Cir. 1989).

A district court has discretion to comment on the evidence, so long as it makes clear that the jury must ultimately decide all questions of fact. *See United*

2

States v. Sager, 227 F.3d 1138, 1145 (9th Cir. 2002). Consistent with this rule, the district court instructed the jury that:

> During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

SER 680-81. Given the strong presumption that the jury followed the court's instruction, see Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987), Poupanya fails to demonstrate that the district court's comments, to which he did not object, constituted plain error. See Sager 227 F.3d at 1145 (where defendant fails to object to district court's alleged improper comment on the evidence, review is limited to the highly deferential standard of plain error).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUN 0 4 2004
by: _____
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
03-10015 USA v. Pounpanya

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Thomas C. Muehleck, AUSA<br>808/541-2850<br>Suite 6100<br>[COR LD NTC aus]<br>Office of the United States<br>Attorney<br>Prince Kuhio Federal Building<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850<br><br>Loretta A. Sheehan, AUSA<br>808/541-2850<br>Suite 6100<br>[COR LD NTC aus]<br>OFFICE OF THE UNITED STATES<br>ATTORNEY<br>Prince Kuhio Federal Building<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850 |
| v. | |
| RATSMY POUNPANYA, aka Jay<br>    Defendant - Appellant | Glenn D. Choy, Esq.<br>808/533-7007<br>Ste 322<br>[COR LD NTC cja]<br>GLENN CHOY,ESQ.<br>735 Bishop Street<br>Honolulu, HI 96813 |