**FILED**

NOT FOR PUBLICATION

JAN 16 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 06-10044 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-01-00314-SOM |
| v. | |
| RATSMY POUNPANYA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted January 8, 2007[**]

Before:   ALARCÓN, HALL, and PAEZ, Circuit Judges.

Ratsmy Pounpanya appeals from the 78-month sentence imposed at resentencing pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), following his jury-trial conviction for possession with intent to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribute methamphetamine, and use of a communications facility to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 843(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pounpanya contends that the district court erred when it applied an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1, because the district court failed to set forth adequate factual findings, and failed to set forth its findings by clear and convincing evidence. We conclude, however, that the district court's findings were sufficient to apply the enhancement. *See United States v. Oplinger*, 150 F.3d 1061, 1070 (9th Cir. 1998), citing *United States v. Dunnigan*, 507 U.S. 87, 95 (1993) ("It is sufficient for the district court to make a finding of an obstruction of justice that encompasses the factual predicates for a finding of perjury"); *cf. United States v. Jimenez*, 300 F.3d 1166, 1171 (9th Cir. 2002) (remanding where "the court made no specific finding of materiality"). Furthermore, because the enhancement did not have "an extremely disproportionate effect on the sentence relative to the offense of conviction," the court was not required to find facts pursuant to a clear and convincing evidence standard. *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005).

**AFFIRMED.**

A TRUE COPY
ATTEST  2/7/07
CATHY A. CATTERSON
Clerk of Court
by: Deputy Clerk